**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 28 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL ANTHONY WHITESELL,

Plaintiff-Appellant,

v.

STATE OF UTAH; BOX ELDER
COUNTY, UTAH,

Defendants-Appellees.

No. 03-4075
(D.C. No. 1:03-CV-2-DB)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **MURPHY** , **HARTZ** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Michael Anthony Whitesell, proceeding pro se, appeals from an order of the district court dismissing this action, filed pursuant to 42 U.S.C. § 1983, for lack of jurisdiction. We affirm.

Mr. Whitesell commenced this action against Box Elder County, Utah, and the State of Utah, in which he alleged that the First Judicial District Court of Box Elder County had violated his constitutional rights to due process and to have appointed pro bono counsel. He also alleged that court had denied him his parental rights by denying him custody of his four minor children. Mr. Whitesell asked the federal district court to overturn the state court's protective orders and its order regarding custody and visitation. He sought damages and full custody of the children.

The district court held that it had no subject matter jurisdiction over the case because the State of Utah had not agreed to waive its Eleventh Amendment immunity in actions of this type and was not a person within the meaning of § 1983. The court also held that Mr. Whitesell's claims were barred by the Rooker-Feldman [1] doctrine because, other than the United States Supreme Court, federal courts do not have jurisdiction to act as appellate courts reviewing decisions of state courts.

---

[1] Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

On appeal, Mr. Whitesell does not address the federal court's conclusion that it lacked jurisdiction over this action. Instead, he argues that the State of Utah violated his constitutional right to defend himself in the custody hearing and violated his due process rights by changing the hearing date to a time when he was in Tennessee.

"We review de novo the district court's dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), and review findings of jurisdictional facts for clear error." Stuart v. Colo. Interstate Gas Co. , 271 F.3d 1221, 1225 (10th Cir. 2001) (citation omitted).

Upon review of the parties' briefs and the record before us, we AFFIRM the district court's order for substantially the reasons stated in its March 24, 2003 order, adopting the magistrate judge's February 14, 2003 report and recommendation. The mandate shall issue forthwith.

Entered for the Court

Harris L Hartz
Circuit Judge